**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA, ex rel.
STEVE HEPBURN,**

        **Plaintiff,**

**-vs-**                                                **Case No. 6:11-cv-302-Orl-28KRS**

**NORTHROP GRUMMAN SYSTEMS
CORPORATION,**

        **Defendant.**
_____

# ORDER

In Count I of the Complaint (Doc. 1), Steve Hepburn ("the Relator") brings a *qui tam* action under the False Claims Act[1] ("FCA"), and in Counts II and III he brings claims of retaliation under the FCA and the Florida Whistleblower Act, respectively. This case is now before the Court on the Motion to Dismiss Count I and Compel Arbitration of Counts II and III (Doc. 11) filed by Defendant. The Relator has filed a Response in Opposition (Doc. 22) thereto.

<u>Motion to Dismiss Count I</u>

Generally, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"

---

[1] The United States has declined to intervene in this case. (<u>See</u> Doc. 2).

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

One caveat to the general pleading standard of Rule 8 is that "[i]n alleging fraud . . . , a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Rule 9(b)'s particularity requirement applies to FCA actions. United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1357 (11th Cir. 2006) (citing United States ex rel. Clausen v. Lab. Corp. of Am., Inc., 290 F.3d 1301, 1308-09 (11th Cir. 2002)). "[T]o avoid dismissal of a FCA claim, a relator . . . must plead 'facts as to time, place, and substance of the defendants' alleged fraud, specifically, the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them.'" United States ex rel. Seal 1 v. Lockheed Martin Corp., 429 F. App'x 818, 820 (11th Cir. 2011) (quoting United States ex rel. Sanchez v. Lymphatx, Inc., 596 F.3d 1300, 1302 (11th Cir. 2010)).

Defendant argues that the Relator has failed to satisfy the requirements of Rule 8 as well as of Rule 9(b). Although the Relator correctly notes that defense contractor FCA cases are in some ways different from the healthcare FCA cases relied upon by Defendant, the Court nonetheless agrees that Complaint does not contain sufficient specificity to survive the motion to dismiss. The Relator's allegations as to time are at best vague. He alleges when he was asked to lead a qualification team and when he was terminated, but he does not pinpoint when the allegedly fraudulent activity took place; moreover, in at least one paragraph he seems to suggest that the improper activity is still occurring, (see Compl. ¶ 23),

but no basis for any knowledge of current activities is provided. The Relator also fails to identify who engaged in the alleged improper conduct or to provide much detail about the requirements of the contract or its later modifications.

However, it does not appear that these deficiencies cannot be cured by amendment. Accordingly, the Relator will be granted leave to file an amended complaint.

Motion to Compel Arbitration of Counts II and III

Defendant argues that the retaliation claims in Counts II and III should be submitted to arbitration pursuant to its arbitration policy, (Attach. to Doc. 12), to which the Relator submitted via his continued employment. In his response memorandum, the Relator does not make any argument against Defendant's motion to compel, and he states that he "has no facts to dispute Defendant's claim that it sent the arbitration policy to [the Relator]'s company email and to his home address." (Doc. 22 at 11). Thus, Defendant's assertion that the Relator agreed to submit these claims to arbitration is well-taken, and these claims will be stayed.

Conclusion

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Dismiss Count I and Compel Arbitration of Counts II and III (Doc. 11) is **GRANTED**.

2. Count I of the Complaint (Doc. 1) is **DISMISSED without prejudice**. The Relator may file an Amended Complaint **on or before Friday, May 25, 2012**, if he is able to state his FCA claim with the required specificity.

3. Counts II and III of the Complaint (Doc. 1) are **STAYED**.  The parties are directed to engage in arbitration of the Relator's retaliation claims pursuant to the terms of the Northrop Grumman Dispute Resolution Process.  At the conclusion of the arbitration process, these counts are subject to being reopened upon motion of either party.

**DONE** and **ORDERED** in Orlando, Florida this 8th day of May, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record