**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA, ex rel.**
**STEVE HEPBURN,**

        **Plaintiff,**

**-vs-**                              **Case No.  6:11-cv-302-Orl-28KRS**

**NORTHROP GRUMMAN SYSTEMS**
**CORPORATION,**

        **Defendant.**
_____

## ORDER

In his Amended Complaint (Doc. 27),[1] Steve Hepburn ("Relator") brings a *qui tam* action under the False Claims Act[2] ("FCA").  This case is now before the Court on the Motion to Dismiss (Doc. 28) filed by Defendant.  Relator has filed a Response in Opposition (Doc. 33) thereto.

### I. Legal Standards

Generally, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"

---

[1] The Court previously dismissed the original Complaint with leave to amend. (Order, Doc. 26).

[2] The United States has declined to intervene in this case.  (See Doc. 2).

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

However, "[i]n alleging fraud . . . , a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Rule 9(b)'s particularity requirement applies to FCA actions. United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1357 (11th Cir. 2006) (citing United States ex rel. Clausen v. Lab. Corp. of Am., Inc., 290 F.3d 1301, 1308-09 (11th Cir. 2002)). "[T]o avoid dismissal of a FCA claim, a relator . . . must plead 'facts as to time, place, and substance of the defendants' alleged fraud, specifically, the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them.'" United States ex rel. Seal 1 v. Lockheed Martin Corp., 429 F. App'x 818, 820 (11th Cir. 2011) (quoting United States ex rel. Sanchez v. Lymphatx, Inc., 596 F.3d 1300, 1302 (11th Cir. 2010)).

## II. Background

Relator previously was employed by Defendant as an engineer. Defendant had a contract with the federal government to provide laser-guided smart weapons ("the weapons"), and in July 2006 Relator was asked to lead a qualification team on those weapons. (Am. Compl. ¶¶ 6, 14). The contract specifications required the weapons to operate properly at temperatures ranging from -32°C to +49°C. (Id. ¶ 20). In November 2006, during testing, the weapons had failure problems when experiencing rapid temperature changes. (Id. ¶ 18). After the weapons were temperature-stabilized, however, they would

work correctly. (Id. ¶¶ 19, 25). Defendant changed its test process so that testing was performed after units were stabilized. (Id. ¶ 23). Relator alleges in the Amended Complaint that Defendant violated the FCA by shipping weapons to the government that failed testing and that did not comply with the original contract specifications.

### III. Discussion

Defendant argues that Relator's Amended Complaint fails to state a cause of action because the contract did not obligate Defendant to meet the standards that Relator suggests and because at most, Relator has alleged breach of contract rather than presentation of false claims to the Government. The Court agrees.

As noted by Defendant, the contract specifications cited by Relator do not require the weapons to pass tests after experiencing extreme temperature changes; they only require the weapons to operate at a range of temperatures. Relator does not allege that the weapons did not do so, nor does he specify any other noncompliance with contractual requirements; as noted by Defendant, Relator is in essence asking the Court to imply contractual terms and specifications that do not exist. Moreover, even if Plaintiff had successfully pleaded a contractual breach, that would not be sufficient in an of itself to state an FCA claim. Accordingly, the Amended Complaint shall be dismissed.

### IV. Previously-Stayed Counts II and III

In a prior Order (Doc. 26), the Court stayed Counts II (FCA retaliation) and III (Florida Whistleblower Act retaliation) of the original Complaint (Doc. 1) and directed the parties to arbitrate those claims pursuant to their prior agreement to do so. Those claims remain stayed. The parties will be directed to file a status report as to those claims.

### V.  Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1.  The Motion to Dismiss (Doc. 28) is **GRANTED**.  Relator's non-employment FCA claim is **DISMISSED with prejudice**.

2. The employment-related claims in Counts II and III of the original Complaint (Doc. 1) remain stayed.  **The parties shall file a joint status report regarding those claims on or before Friday, November 30, 2012**.

**DONE** and **ORDERED** in Orlando, Florida this 20th day of November, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record